Emma Jean GAXIOLA et al., Plaintiffs,

v.

Erwin C. SCHMIDT et al., Defendants.

Erwin C. SCHMIDT et al., Plaintiffs,

v.

MID–SOUTH PAVERS, INC., et al., Defendants.

Nos. CIV–4–79–8, CIV–4–79–9.

United States District Court,
E. D. Tennessee,
Winchester Division.

Sept. 25, 1980.

Opinion After Hearing Dec. 9, 1980.

Edward C. Martin, and John M. McCord, Tullahoma, Tenn., J. Stanley Rogers, Manchester, Tenn., for plaintiffs.

David Franklin and G. Michael Luhowiak, Chattanooga, Tenn., for defendants.

## MEMORANDUM TO COUNSEL

NEESE, District Judge.

A hearing on the propriety of the proposed settlement by compromise of the parties herein, only as it relates to 4 certain minor plaintiffs, was assigned for October 9, 1980. The parties, on motion of the plaintiffs, submitted a proposed agreed order, continuing such hearing until a later date and, *inter alia*, authorizing " * * * the parties * * * to proceed at the settlement approval hearing [sic] without the presentaiton of oral proof * * * " subject to the submission of certain written proof. This Court is unable to approve the proposed order.

Before the Court will approve the settlement reached by compromise of the parties, in so far as the persons under disability are concerned, it must be satisfied from all the proof adduced (1) that the proposed compromise-settlement is in the best interest of such respective persons under disability, and (2) that any amount(s) to be deducted from the respective amount(s) to be received by such persons under disability are proper deductions and reasonable in amount under the circumstances.

The Court does not anticipate the necessity (or even desirability) of the presence of the minor plaintiffs or their guardians at the assigned hearing, and stipulations, affidavits, etc. will be received in appropriate circumstances. This, however, cannot substitute for witnesses with evidence reflecting the reason the proposed compromise-settlement is in the best interest of the particular respective minor plaintiffs and the need for and reasonableness in amount of any service for which deduction is to be made from the gross amount payable in such settlement to each minor plaintiff. Without such adequate proof, the parties should anticipate judicial disapproval of the proposed compromise settlement.

The Court notices in the brief of the plaintiffs language which can only be interpreted as implying that the proposed compromise-settlement of the parties is conditional on the parties' getting this Court to

act as they wish it to act. It is stated therein:

> * * * It should be noted that it was contemplated by all of the parties during the negotiation of this present settlement that the Court approval could properly be obtained in a manner similar to that involved in the previous approval. Any substantial change in the requirements for approval of the present settlement between the parties * * * could adversely affect the settlement which has already been negotiated. * * *

This Court will not even consider the proposed compromise-settlement of the parties unless and until all parties have announced that such settlement is full and final and subject *only* to the approval of this Court in so far as each of the minor plaintiffs is concerned. The Court deems the quoted language (and the threat implied in it) wholly inappropriate, insulting, and bordering on the contemptuous.

The agreed order submitted will not be approved; the hearing will continue as now assigned; and, if, after due diligence on the part of counsel, additional time is found by the Court to be required, the Court will then make an appropriate order.

## MEMORANDUM OPINION AND ORDER

### OPINION AFTER HEARING

A settlement by compromise was entered into between the parties in the companion case hereto of *Erwin C. Schmidt, etc.*, plaintiff, v. *Mid-South Pavers, Inc., et al.*, defendants, no. CIV-4-79-9 and herein. As four persons under the disability of minority, Misses Heather and Krista Owens and Faith Elizabeth Kollhopt and young Mr. Travis Owens, propose to settle herein, the Court conducted an evidentiary hearing on October 9, 1980 to ascertain whether the proposed settlement is in their best interest, individually, and whether amounts proposed to be deducted from such settlement are appropriate and reasonable.

█ The settlement herein was made subject to this Court's approval by the plaintiffs and the defendant Grundy County, Tennessee (County). It was the plaintiffs' claim that the County failed negligently to erect sufficient and proper signs warning the traveling public of the dangerous condition of a roadway on which the injuries of the plaintiffs and a decedent's death were sustained, in failing to maintain such road in a safe condition, and in knowingly allowing an unsafe road to be utilized by the public. However, they were unable to substantiate their claim of unsafeness, having relied therefor primarily on the testimony of Mr. Erwin C. Schmidt, the driver of the vehicle in which the plaintiffs and such decedent were riding. No other or additional evidence appears to be available to the plaintiffs to prove that such roadway was unsafe for the assigned reasons and that such lack of safety was a proximate cause of the injuries and damages of the plaintiffs.

Under the foregoing circumstances, it is obviously in the best interest of the respective minor plaintiffs for the proposed settlement by compromise to be approved, and it hereby is APPROVED in so far as the gross amounts are concerned.

Young Mr. Travis Owens was more seriously injured in the foregoing accident than any of the other minor plaintiffs. It is proposed that $5,000 be paid for his benefit, out of which would be paid $1,666.66 as a reasonable fee and $131.25 as reimbursement of reasonable expenses necessarily incurred by his attorney (totaling $1,797.91), leaving a net payment for his benefit of $3,202.09.

Miss Faith Elizabeth Owens was the next most seriously injured in such accident. It is proposed that $3,000 be paid for her benefit, out of which would be paid $1,000 as a reasonable fee and $87.50 as reimbursement of reasonable expenses necessarily incurred by her attorney (totaling $1,087.50), leaving a net payment for her benefit of $1,912.50.

The injuries of Misses Heather and Krista Owens were minimal and of short duration. It is proposed that $1,625 be paid for each of their respective benefits, out of each of which would be paid $541.66 as a reasonable fee and $87.50 as reimbursement of reason-

able expenses necessarily incurred by their attorney (totaling $629.16), leaving a net payment for each of their respective benefits of $995.84.

From an earlier settlement with another defendant, these children realized the following indicated amounts:

| Child | Gross | Net settlement |
|---|---|---|
| Heather Owens | $ 1,000 | $ 724.31 |
| Krista Owens | 1,000 | 724.31 |
| Travis Owens | 1,500 | 1,085.97 |
| Faith E. Kollhopt | 1,000 | 724.31 |

This was made under a policy of indemnity insurance, the limit of which for a single accident was $20,000; the insured is represented to be judgment-proof.

Under the circumstances of inability to prove liability, these amounts are reasonable and hereby are APPROVED for payment. Although young Mr. Travis Owens received damage to his brain, was injured seriously, and, in other circumstances, would be well-advised to delay any settlement until the residual effects of his injury could be determined at a time closer to his majority, it appears that he is receiving now all he could ever receive in settlement.

The clerk hereby is

ORDERED to pay direct to the order of their respective counsel of record the respective amounts of fees and reimbursements of expenses approved hereinabove; to pay the remainder of each respective amount approved for Heather, Krista and Travis Owens, respectively, to the order of their legal guardian Kay Owens, as legal guardian of each such respective minorchild, which net sum is to be expended for the education, maintenance and support of such respective minor-plaintiff; and to pay the remainder of the amount approved for Faith Elizabeth Kollhopt to the order of her legal guardian Elizabeth Ann Kollhopt, as legal guardian for Faith Elizabeth Kollhopt, which sum is to be expended for the education, maintenance and support of such minor-plaintiff.

Upon such payments by the clerk, as thus ordered, this action hereby is DISMISSED with prejudice against the defendant Grundy County, Tennessee.